## THE OREGON.

(District Court, E. D. New York. November 2, 1918.)

SEAMEN ⬤=19—DISCHARGE BY ORDER OF CONSUL—LIABILITY OF SHIP FOR WAGES.

A vessel *held* not liable for wages and transportation to a seaman discharged in a foreign port by order of the United States consul, after hearing on a complaint made by libelant without the knowledge of the captain, and where he was paid all wages then due him.

In Admiralty. Suit by Joseph C. Peed against the steamship Oregon. Decree for respondent.

Silas B. Axtell, of New York City, for libelant.
Alfred H. Strickland, of New York City, for claimant.

GARVIN, District Judge. Joseph C. Peed sues to·recover wages, maintenance, and cost of transportation, aggregating $517. In January, 1917, he shipped as cook and steward on the steamship Oregon for a voyage to the Atlantic Coast and West Indies, the regular shipping articles signed to extend over a period of six calendar months. The Oregon sailed, continuing her voyage, and reached Kingston, Jamaica, early in May, 1917. There was some trouble between the libelant, Peed, and the chief engineer of the vessel, as a result of which Peed lodged a complaint with the United States consul at Kingston, Jamaica, when the Oregon arrived at that port. Peed did not bring the matter to the captain of the ship before making this complaint to the consul.

An investigation was instituted by the vice consul (then acting consul), a hearing had, and by the direction of the vice consul Peed was discharged after having paid him the wages due him up to that time. The consular certificate shows that Peed committed forgery in his complaint, that Peed was of a disposition to instigate quarrels, to the destruction of the discipline of the crew, and sets forth that the vice consul found that good and substantial reasons existed for his discharge.

Libelant urges that this consular certificate is only prima facie evidence of the facts stated therein. Even if this be so,. inasmuch as the certificate of the consul is prima facie evidence of the discharge, the libelant must offer proof sufficient to overcome the prima facie case. I do not find that he has offered such proof. I consider that his own testimony, which is that of a self-confessed forger (according to the consular certificate), should be ,received with great caution.

In the various cases which have had to do with claims for wages and maintenance arising out of the discharge of a seaman by order of the consul, my attention has been directed to no case which has rendered the vessel liable for such discharge, where the complaint was made by the seaman himself without the knowledge of the captain, and with no alternative to the captain but to obey the direction of the consul. That is the exact situation here, and I am of the opinion that the boat should not be held responsible.

The libel is dismissed.

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes